IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>vs.<br><br>AKI INDUSTRIES, INC., and SHAWN ATKINSON, individually,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:06CV00081DAK |

This matter is before the court on Third-Party Defendant Toolchex, Inc.'s Rule 12(b)(6) Motion to Dismiss Third-Party Complaint.  The court held a hearing on the motion on May 16, 2007.  At the hearing, Defendants AKI Industries, Inc. and Shawn Atkinson's ("Defendants") were represented by Derek A. Coulter, and Toolchex, Inc. ("Toolchex") was represented by Richard D. Flint.  Having carefully considered the memoranda submitted by the parties and the law and facts relevant to the motion, the court enters the following memorandum decision and

1

order.

## BACKGROUND

This is an action brought by the Department of Labor against Defendant AKI Industries and Shawn Atkinson for allegedly violating the overtime and record-keeping provisions of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §201, *et. seq.* Plaintiff's Complaint alleges Defendants withheld back wages owed to Defendants' current and former employees caused by Defendants' failure to include tool reimbursement payments in their employees' regular rate when computing overtime compensation, and failure to accurately record hours worked when paying piece rate.

AKI brought a Third-Party Complaint against Toolchex asking that if it is found liable under the FLSA, Toolchex should be responsible to indemnify it. AKI claims that Toolchex is an independent contractor that provided it with payroll services and the accounting procedures that are alleged to be violations of the FLSA.

This court previously granted Defendant AKI leave to file its Third-Party Complaint because Toolchex was not an employee of Defendants, but rather an independent contractor that performed payroll services.

## DISCUSSION

Third-Party Defendant Toolchex brings this motion to dismiss AKI's Third-Party Complaint on two grounds: (1) an indemnity action against a third party is inappropriate in a case brought by the Department of Labor under the Fair Labor Standards Act; and (2) an indemnity

action is not ripe under Utah law.

    *A. Right to Indemnification Claim under FLSA*

Toolchex argues that the text of the FLSA makes no provision for contribution or indemnification and such a claim would encroach upon the Department of Labor's power to enforce the FLSA. *See Herman v. RSR Security Servs. Ltd.,* 172 F.3d 132, 142 (2d Cir. 1999). AKI argues that the court has already ruled that the Third Party Complaint is proper under the FLSA. The court's January 7, 2007 Order granting it leave to file its Third-Party Complaint states that the court cannot conclude that Toolchex is Defendants' "employee" within the language of the FLSA and the FLSA does not, therefore, preclude Defendants from seeking indemnification from Toolchex. However, the court concludes that the reasoning of its previous order should be revisited because it erroneously focused on whether Toolchex was an employee of AKI.

The parties agree that it is well established that there is no indemnification for FLSA claims between an employer and an employee. The parties disagree, however, as to whether an independent third party can be liable for indemnification.

AKI claims that Tenth Circuit precedent allows a company doing business to seek indemnification from a third party that is not a company employee, such as an independent contractor. In *Daniels v. Board of Trustees of the Herington Municipal Hospital*, 841 F. Supp. 363, 368-69 (D. Kan. 1993), a case involving claims under the FLSA, the court considered the issue of whether a hospital could seek indemnification from the County that was responsible for the hospital's expenditures that exceeded the hospital's income. *Id.* at 368-69. The County

3

argued that "an employer cannot seek indemnification for its FLSA violation because to do so violates public policy, " relying, as Toolchex does, on *Martin v. Gingerbread House , Inc.,* 977 F.2d 1405 (10th Cir. 1992). *Daniels*, 841 F. Supp. at 368. The *Daniels* court found that *Martin* was "clearly distinguishable" because the "hospital is not seeking indemnification from an employee, but rather, from the County for which the Hospital has agreed to provide EMS. Pursuant to their agreement, the County is responsible for the Hospital's expenditures that exceed income" *Id.* at 369.

AKI takes too many liberties with the holding of *Daniels*. While the court distinguished employer/employee indemnification cases, it did not hold that an employer has a right to indemnification from a thirdparty in an FLSA case. The court actually found that there was a *contractual* right to indemnification between the hospital and the county. It also specifically noted that the hospital had entered a settlement with the plaintiffs in which the hospital had not admitted to any violations of the FLSA. *Id.* at 369. Therefore, contrary to AKI's assertions, there is no Tenth Circuit law stating that an employer has a right to indemnification for FLSA violations from third parties.

The Third Party Complaint does not allege any contractual right to indemnification. It reads more like a professional negligence claim--it states that Toolchex breached its duty to AKI by failing to advise AKI that the accounting and employment practices employed by AKI were prohibited by or violative of the FLSA. Therefore, this case is distinguishable from *Daniels* because there is no contractual right to indemnification.

Furthermore, the analysis in *Baker v. Dataphase, Inc.*, 781 F. Supp. 724 (D. Utah 1992), is not helpful to the court's analysis of whether a right to indemnification exists. The *Baker* case did not involve indemnification. Rather, it dealt with whether a plaintiff bringing an action against an employer for violations of the FLSA was an employee entitled to the FLSA protections or an independent contractor not entitled to FLSA protection. *Id.* at 733. A third party business is clearly not an employee or an independent contractor, and the factors used to determine the distinction are inapplicable to a third party business.

Several cases have held that "there is no right to contribution or indemnification for employers held liable under the FLSA." *See Herman v. R.S.R. Security Servs. Ltd.*, 172 F.3d 132, 143 (2d Cir. 1999). These cases rely on the fact that the FLSA has a comprehensive remedial scheme that counsels against judicially engrafting additional remedies such as indemnity and the legislative history is silent on a right to contribution or indemnification. *Id.*

The *Herman* court relied on the reasoning of the United States Supreme Court in the case of *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981). In that case, the airline that was alleged to have violated the Equal Pay Act and Title VII attempted to assert a claim for contribution from the flight attendant's union for negotiating the unequal pay rates that were the basis of the violations. *Id.* at 82. The Court explained that neither the Equal Pay Act nor Title VII expressly created a right of contribution in favor of employers and the purpose of the statutes was to benefit employees, not employers. *Id.* at 91-92. Therefore, even assuming that the union was culpable as a co-employer, the Court found that there was not a sufficient basis for

recognizing the right to contribution without statutory authority. *Id.*

Because of the similarity between the FLSA and the Equal Pay Act and Title VII, the *Herman* court found that an employer does not have a right to indemnification under the FLSA to bring an indemnification claim. 172 F.3d at 144. In *Brennan v. Emerald Renovators, Inc.*, 410 F. Supp. 1057 (S.D.N.Y. 1975), the court concluded that there is no need to supplement the FLSA with an additional remedy for employers which Congress did not see fit to provide. *Id.* at 1063. The court also reasoned that "if the employer is aware that it and it alone must bear the economic consequences for any violation of the Act, there would be an added incentive to resist" pressures that may be placed upon it by third parties. *Id.* at 1061.

These cases differ from the Tenth Circuit's decision in *Daniels* in that there is no contractual right to indemnification against the third party. The court agrees that the case law establishes that there is no general right to indemnification under the FLSA against third parties. Accordingly, the court grants Toolchex's motion to dismiss AKI's Third-Party Complaint.

B. *Ripeness of Indemnification Claim*

Because of the court's ruling that AKI cannot assert an indemnification claim against Toolchex, the court need not address whether AKI's indemnification claim is ripe under Utah law.

## CONCLUSION

Based upon the above reasoning, Toolchex, Inc.'s Motion to Dismiss Third-Party Complaint is GRANTED and Third-Party Defendant Toolchex is dismissed from this action.

DATED this 25th day of June, 2007.

                BY THE COURT:

                _____
                DALE A. KIMBALL
                United States District Judge