IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AKI INDUSTRIES, INC., and SHAWN ATKINSON, individually,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:06CV00081DAK |

This matter is before the court on Defendants AKI Industries, Inc. and Shawn Atkinson's Motion for Summary Judgment. The parties did not request oral argument on the motion, and the court concludes that a hearing would not significantly aid in its determination of the motion. Having carefully considered the memoranda submitted by the parties and the law and facts relevant to the motion, the court enters the following Memorandum Decision and Order.

1

## BACKGROUND

This is an enforcement action brought by the Department of Labor against Defendant AKI Industries and Shawn Atkinson for allegedly violating the overtime and record-keeping provisions of the Fair Labor Standards Act ("FLSA").  *See* 29 U.S.C. §201, *et. seq.*  AKI is a Utah corporation engaged in the business of framing commercial buildings and residential homes.  Shawn Atkinson is AKI's President and sole shareholder.

Plaintiff's Complaint alleges Defendants withheld back wages owed to Defendants' current and former employees caused by Defendants' failure to include tool reimbursement payments in their employees' regular rate when computing overtime compensation and Defendants' failure to accurately record hours worked when paying piece rate.

## DISCUSSION

Defendants bring this motion for summary judgment arguing that Plaintiff cannot establish a prima facie case against them for failure to properly pay overtime under Sections 7 and 15(a)(2) of the FLSA.  "While the Secretary's burden of proof under these circumstances is relatively light, he [or she] may not recover on the basis of nothing more than pure speculation . . . Accordingly, without a plausible factual basis for the Secretary's speculation, the Court will not award back wages to the Secretary for the benefit of employees on whose behalf no evidence was presented at trial."  *Marshall v. R&M Erectors, Inc.*, 429 F. Supp. 771, 780 (D. Del. 1977).

Pursuant to the FLSA and its implementing regulations, employers are required to maintain certain records of its employees wages, hours, and other conditions and practices of

employment. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.6. Defendants contend that they have maintained all of the required records and have provided Plaintiff the opportunity of inspecting and copying the records. Moreover, the discovery deadline in this case has passed.

Plaintiff, however, asserts that she has not received all the requested documents and all necessary discovery has not been completed. Based on the records obtained from Defendants, however, Plaintiff claims that the FLSA violations are clear. Plaintiff provided the Affidavit of Dean A. Campbell, who is the supervisor of the Wage-Hour investigation in this case. Campbell testifies that the investigations shows that the payroll ledgers and the rime records provided by AKI do not match. Because Defendants' payroll ledger showed a number of hours worked per week per employees, the investigators assumed that those numbers came from another source that should be available to cross check with the wages paid to the employees. When investigators sought these additional records, Defendants stated that the original time records had been thrown away and the time card information had been transcribed into an electronic time keeping system. The "time card journal" kept by the electronic time keeping system, however, could be produced, which would allow the investigators to match the payroll ledger to time record information. To date, Campbell testifies that they have not received all of the records.

While the discovery deadline has passed, the court recognizes that the investigators have been delayed by Defendants' record keeping and failure to turn over the requisite information. Because the burden on Plaintiff is light at this stage, the court finds that the discrepancies in payroll ledgers and time records is enough to create a question of fact with respect to summary

judgment. The court enlarges the discovery period in this case to allow the investigation of such discrepancies to be concluded. The parties may conduct discovery until April 11, 2008, and bring or renew summary judgment motions by May 30, 2008. The final pretrial conference and trial in this matter, presently set for February 22, 2008, and March 3, 3008, respectively, are vacated. The final pretrial conference is reset for October 29, 2008, at 2:30 p.m., and the three-day bench trial is reset for November 12, 13, and 14, 2008. Accordingly, Defendants' Motion for Summary Judgment is denied.

DATED this 6th day of February, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge